IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONALD JONES,                )
                             )
Plaintiff,                   )
                             )
vs.                          )   CAUSE NO. 3:08-CV-161
                             )
JAMES KIMMEL, *et al.*,      )
                             )
Defendants.                  )

## OPINION AND ORDER

This matter is before the court on the Motion to Reconsider, filed by Plaintiff, Ronald Jones, on March 17, 2009, which the Court construes pursuant to Federal Rule of Civil Procedure 59(e). For the reasons set forth below, the Court: (1) **GRANTS** the Motion to Reconsider (DE #18); (2) **VACATES** the judgment dated March 5, 2009 (DE #17) and the order of dismissal (DE #16); (3) **GRANTS** the motion to amend the amended complaint (DE #13); (4) **DIRECTS** the Clerk to file the Second Amended Complaint (DE #13-2); and (5) **DISMISSES** this case pursuant to 28 U.S.C. section 1915A.

## BACKGROUND

Ronald Jones, a *pro se* prisoner, filed a complaint (DE #1) which he subsequently amended (DE #8) as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A). Thereafter he filed a motion (DE #13) seeking to file a second amended

complaint. That motion was denied in the same order (DE #16) that screened the amended complaint and dismissed this case. Jones now moves to reconsider the order of dismissal (DE #16) and argues that the Court erred in denying him leave to file the second amended complaint (DE #13-2). He is correct. Therefore, the Court will vacate the order of dismissal (DE #16), grant Jones leave to file the second amended complaint (DE #13-2), and screen the second amended complaint as required by 28 U.S.C. section 1915A.

DISCUSSION

"Leave to amend is to be freely given when justice so requires." *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (quotation marks and citation omitted). Here, justice required that Jones, a *pro se* prisoner, be permitted to file the second amended complaint because doing so imposed no burden or prejudice on any of the Defendants (who had not yet been served) or the Court (which had not yet reviewed the amended complaint). There is no indication that the motion to amend was dilatory or made in bad faith. Therefore, the second amended complaint will be filed, then screened as required by 28 U.S.C. section 1915A.

Here, Jones seeks monetary damages for Constitutional due process errors which occurred during a prison disciplinary hearing resulting in the loss of earned credit time and demotion in credit class. Jones asks this Court to find the three defendants liable

to him because they "knowingly and intentionally deprive[d him of] his liberty without due process of law . . .." (DE #13-2 at 8.)

In *Edwards v. Balisok*, 520 U.S. 641, 643 (1997), the United States Supreme Court extended the principles of *Heck v. Humphrey*, 512 U.S. 477 (1994), to prison disciplinary cases:

> In *Heck*, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

(Citation and quotation marks omitted.)

In his Rule 59(e) motion, Jones argues that because he is only seeking money damages, judgment in this case will not imply the invalidity of his sentence. This argument was considered and rejected by the Court in *Edwards* because in order to award the plaintiff money, the Court would have to find that the defendants violated his Constitutional rights by depriving him of liberty without due process of law. *Edwards*, 520 U.S. at 646-48. Such a finding would inherently undermine the validity of his disciplinary hearing. *Id.* This is exactly what *Heck* and *Edwards* prohibit. In this case, because Jones has not had the prison disciplinary hearing invalidated, the second amended complaint does not state a claim and must be dismissed.

CONCLUSION

3

For the reasons set forth above, the court: (1) **GRANTS** the Motion to Reconsider; (2) **VACATES** the judgment (DE #17) and the order of dismissal (DE #16); (3) **GRANTS** the motion to amend (DE #13); (4) **DIRECTS** the clerk to file the Second Amended Complaint (DE #13-2); and (5) **DISMISSES** this case pursuant to 28 U.S.C. section 1915A.

DATED: March 25, 2009                    /s/RUDY LOZANO, Judge
                                         **United States District Court**